■ In the Matter of the Claim of IRVING SCHULMAN, Respondent, v. 1347 RESTAURANT CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board on the grounds that there is no substantial evidence to support the board's findings of causal relationship and of a timely filed claim (Workmen's Compensation Law, § 28). On April 1, 1965 claimant allegedly experienced a sudden pain in the groin and collapsed while lifting and carrying cases of liquor. Claimant's contention is that the activity of lifting the heavy cases enlarged his admittedly pre-existing left inguinal hernia; appellants dispute any such relationship and introduced direct medical testimony to the contrary. Of course, the resolution of medical disputes between expert witnesses is exclusively in the board's domain if its decision is supported by substantial evidence. Here while the testimony

of claimant's expert lacks the clarity and certainty which we would ideally hope for, we cannot say that such testimony when combined with his written report cannot be considered substantial evidence (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414). Similarly, the question of the date of disablement is factual and there is substantial evidence to support the board's conclusion that the date of disablement was April 3, 1965, the date claimant alleges he was no longer able to continue working because of the hernia (Workmen's Compensation Law, § 42; *Matter of Silverman* v. *Little West Mfg. Co.*, 20 A D 2d 612; *Matter of Montalvo* v. *Pioneer Pizza Pie Corp.*, 20 A D 2d 603; *Matter of Weixler* v. *Schlegelmilch Bros.*, 272 App. Div. 850, mot. for lv. to app. den. 297 N. Y. 1042). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur with Reynolds, J.